**Eleanor WILLIAMS and Patricia Menard, Plaintiffs, Appellants,**

v.

**The CITY OF LEWISTON, MAINE, Beverly Heath and Charlotte O'Connor, Defendants, Appellees.**

No. 80–1637.

United States Court of Appeals, First Circuit.

Argued Feb. 13, 1981.

Decided March 6, 1981.

Harold Lichten, Lewiston, Me., with whom Karen Herold, Lisbon Falls, Me., and Kim Vandermeulen, Augusta, Me., were on brief, for plaintiffs, appellants.

Fredda F. Wolf, Lewiston, Me., with whom Stephen A. Filler, Lewiston, Me., was on brief, for defendants, appellees.

Before ALDRICH and CAMPBELL, Circuit Judges, and WYZANSKI,* District Judge.

ALDRICH, Senior Circuit Judge.

This case, an appeal from the granting of summary judgment for defendants, arises from a dispute over welfare benefits sought by plaintiffs, two young women residents of Lewiston, Maine. It has been blown up into constitutional claims by legal assistance counsel, and, although only a few weeks of benefits are involved, has required hearings before a United States magistrate, who wrote a seven-page opinion, review by the district court, and now by ourselves. Presumably it is thought to be a test case, but the only matter it establishes is that, quite apart from the present waste,[1] counsel would have expended far less energy if they had gone originally to the state superior court, where they would have been welcomed, and the matter belonged. *See* Me. R.C.P. 80B; 22 Me.R.S.A. § 4507.

Since their cases are similar, and Patricia Menard's is the more complete, we confine ourselves thereto. At age 17 she had been refused support by her stepfather, had a nonworking mother, and was living with a female friend, doing occasional jobs, and not having a very happy back history. She applied for public assistance, but was basically turned down on the assertion of a number of reasons. One of these was, "6. This office is not designed to meet the needs of minors." Menard was, however, given a bus ticket to Portland, where there was a temporary home for minors, entitled Fair Harbor Shelter. She was anxious to obtain employment and believed her best opportunities (as proved correct shortly thereafter) would be in Lewiston. Traveling and bus fare made Fair Harbor Shelter seem undesirable, and she left. She was refused further benefits.[2]

Plaintiff's primary point, relying on *Morales v. Minter*, D.Mass., 1975, 393 F.Supp. 88, 99, is that it was unconstitutional to deny her assistance because of her age. "The policy and practice of the defendants ... discriminates against minors solely on the basis of their age in violation of the equal protection clause of the fourteenth amendment."

The original denial memorandum disclosed the channel for speedy review. Plaintiff took advantage of this and, the week following, obtained a hearing, promptly followed by a further rejection. The decision, however, is presently important because the officer, although accepting some of the originally given reasons, expressly disclaimed reason # 6. In this the officer was entirely correct. The Lewiston Welfare Department Guidelines for General Assistance, section IV(A) states,

"Age is not a factor in considering eligibility to receive general assistance. Any eligible person has a right to receive general assistance regardless of age."

While plaintiff informed us of the original action, no one has seen fit to inform us of the reviewing officer's corrective ruling in spite of its obvious significance.

This reduces the level of plaintiff's claim to an assertion of unconstitutionality of restricting her relief to an offer of the

---

* Of the District of Massachusetts, sitting by designation.

1. In our court alone, forty pages of brief, and fifty cited authorities.

2. Concededly Fair Harbor was a "temporary" shelter, whatever that means, but plaintiff's stay had not run out, nor did she leave for that reason. It does not appear from the reviewing officer's rejection that she would have been refused other relief if she had been involuntarily terminated at the shelter.

Fair Harbor Shelter. In the district court plaintiff (plaintiffs) "conceded that if there had been a Fair Harbor Shelter in Lewiston and plaintiffs had been referred there, they would have had no complaint." On appeal they appear to argue that it is discriminatory to supply cash to adults and only a shelter for minors. Passing the question whether plaintiff can seek reversal on a ground she had waived, the equal protection clause does not prohibit states from providing a form of assistance for persons under 18 different from that given to persons over 18. Minors are not a "suspect" class; and they can be treated differently from adults consistent with the Constitution. *E. g., Carey v. Population Services,* 1977, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675; *In re Gault,* 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. As the Court has said,

> "[T]he state has an interest 'to protect the welfare of children' and to see that they are 'safeguarded from abuses' which might prevent their 'growth into free and independent well-developed men and citizens.'" *Ginsberg v. New York,* 1968, 390 U.S. 629, 640–41, 88 S.Ct. 1274, 1281–82, 20 L.Ed.2d 195, quoting *Prince v. Massachusetts,* 1944, 321 U.S. 158, 165, 64 S.Ct. 438, 441, 88 L.Ed. 645.

A shelter might be believed to serve that interest. There is no basis for a charge of unequal protection.

■ It may be that this particular shelter was so far away (40 miles) as not to meet the guideline requirements of a "resource available in the municipality and surrounding area," but surely that is not a constitutional question. Nor is it made such by conjuring a "right not to travel" as the obverse of the "right to travel," *e. g., Memorial Hospital v. Maricopa County,* 1974, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306; *Shapiro v. Thompson,* 1969, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600, and arguing that the inconvenience was of constitutional proportions. By hypothesis, a minor who must live in a shelter must travel from her residence. There cannot be staffed shelters every few miles. An error, if any, in distance, if not outrageous, is one of judgment, of degree, and not of kind. As the magistrate said two stages ago, "Not every mistake by a public official constitutes a denial of federal constitutional rights," and plaintiffs are seeking to "trivialize the protections of the constitution." We must agree.

The insubstantial nature of the federal issues leaves us no occasion to consider plaintiffs' state law claims. *United Mine Workers v. Gibbs,* 1966, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218. The order dismissing the complaint is affirmed.